USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/03/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DRYWALL TAPERS AND POINTERS OF :
GREATER NEW YORK LOCAL UNION 1974, :
IUPAT, AFL-CIO, :
 :
 : 1:17-cv-9153-GHW
      Petitioner, :
 : MEMORANDUM OPINION
  -against- : AND ORDER
 :
TOWER FINISHING, LLC, :
 :
      Respondent. :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO (the "Union" or "Petitioner") seeks to confirm an arbitration award obtained against Tower Finishing, LLC ("Tower" or "Respondent"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the award is confirmed.

**I.    BACKGROUND**

From August 3, 2011 until June 27, 2017, Respondent was a party to a collective bargaining agreement ("CBA") with Petitioner. Pet'r's Mot. for Summ. J. ("Pet'r's Mot.") (ECF No. 15), at 2-3. The CBA provides that "[a]ll complaints other than Employee grievances shall be presented to the Joint Committee and/or the Joint Board and disposed of as indicated herein." CBA, Art. XIII. § 1(E). The CBA also provides that any grievance that is not resolved by that grievance procedure "[s]hall be promptly submitted to an arbitrator whose decision and finding shall binding upon the Association and Petitioner all members thereof, and interest parties thereto." *Id.* Art. XIII. § 2. With respect to costs arising out of any dispute resolution, the CBA specifies that "the cost of arbitration, including attorneys' fees, shall be borne by the respective parties." *Id.*

A dispute arose between the parties when Respondent failed to remit benefit fund

contributions on behalf of Carlos M. Perez for the weeks of December 4, 2013 through December 18, 2013 and January 1, 2014 through February 19, 2014, and on behalf of Paul Pereira for the period of December 4, 2013 through December 25, 2013.  Pet'r's Local R. 56.1 Statement ("Pet'r's 56.1") (ECF No. 14) ¶ 4.  On January 25, 2016, Petitioner filed a Demand for Arbitration with the Union's Joint Trade Board ("JTB") and sent a Notice of Intention to Arbitrate to Respondent.  *Id.*; Aff. of Lauren M. Kugielska, Ex. A, Decision of Joint Trade Board ("JTB Decision") (ECF No. 12-1), at 1.  Respondent was notified that a hearing was scheduled for January 28, 2016.  JTB Decision, at 1.

The JTB held a hearing on January 28, 2016.  Pet'r's 56.1 ¶ 5.  Petitioner appeared at the hearing, but Respondent did not.  JTB Decision at 1.  Because the Union provided proof that Respondent had legally sufficient notice of the hearing and the claims against it, the arbitrator proceeded in Respondent's absence.  JTB Decision at 2.  The JTB concluded that Respondent had breached the CBA by failing to make benefit contributions on behalf of Mr. Perez for the period from December 4, 2013 through December 18, 2013 and January 1, 2014 through February 19, 2014, and on behalf of Mr. Pereira for the period of December 4, 2013 through December 25, 2013.  *Id.*  The JTB determined that Respondent owed a total of $9,669.58 for Mr. Perez's time, and $2,402.40 for Mr. Pereira's time.  JTB Decision at 2.

On November 22, 2017, Petitioner commenced this action, asserting that Respondent had not satisfied any portion of the arbitral award.  *See* Complaint ("Compl.") (ECF No. 1) ¶¶ 17-18.  On January 16, 2018, the Court directed Petitioner to file any materials in support of its petition no later than February 23, 2018, and directed Respondent to file an opposition no later than March 9, 2018.  ECF No. 10.  Petitioner timely filed its petition and supporting materials, ECF Nos. 11-15, and served them on Respondent on February 22, 2018, Aff. of Service (ECF No. 16).  Respondent has not appeared in this action, and did not file an opposition, even after the Court *sua sponte*

2

extended Respondent's deadline to oppose the petition from March 9, 2018 to March 29, 2018. ECF No. 17.

## I. DISCUSSION

### A. The Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11-cv-04421-ENV-RLM, 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it

3

draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (citation and internal quotation marks omitted)); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 98 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the award was procured through fraud or dishonesty, or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather the record indicates that the arbitrator based the award on undisputed evidence that Respondent failed to remit benefit contributions on behalf of members of the Union. Accordingly, Petitioner's motion is granted and the award is confirmed.

**B. Attorney's Fees**

Petitioner seeks attorney's fees, *see* Compl. ¶ 18, but did not submit any supporting materials setting out how many hours attorneys worked on this matter, at what rate they billed for their time, or even the total dollar amount of attorney's fees they seek. As a result, Petitioner's request for

4

attorney's fees is denied.

## II. CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of the Petitioner and against Respondent in the amount of $12,071.98—which consists of the arbitration award of $9,669.58 on behalf of Mr. Perez plus $2,402.40 on behalf of Mr. Pereira. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: July 3, 2018
New York, New York

GREGORY H. WOODS
United States District Judge